# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:17-CV-00126-HBB

**DENISE LANHAM**                                                                             **PLAINTIFF**

**VS.**

**NANCY A. BERRYHILL, Acting**
**Commissioner of Social Security**                                    **DEFENDANT**

## MEMORANDUM, OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Plaintiff Denise Lanham seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 16) and Defendant (DN 22) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered December 1, 2017 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on June 13, 2013 (Tr. 205-08). Plaintiff alleged that she became disabled on October 11, 2012 as a result of the following: severe anxiety disorder; insomnia; constant fatigue; lack of concentration; loss of short and long

term memory; frequent migraines; nausea; dizziness; racing heart; and no energy (Tr. 227). Administrative Law Judge Marci P. Eaton conducted a video hearing on September 24, 2015 in Paducah, Kentucky (Tr. 62). Plaintiff appeared remotely from Owensboro and was represented by Ms. Martin. Also present and testifying was vocational expert James Adams. Following submission of additional evidence, ALJ Eaton conducted a supplemental administrative hearing on June 23, 2016 (Tr. 34). Plaintiff again appeared remotely from Owensboro with her attorney, but this time medical expert Elizabeth Kalb and vocational expert Kenny Boaz also testified.

In a decision dated August 8, 2016, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 17). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since October 11, 2012, the alleged onset date (Tr. 22). At the second step, the ALJ determined that Plaintiff's depression, anxiety, and migraines are "severe" impairments within the meaning of the regulations (Tr. 22). Notably, at the second step, the ALJ also determined that Plaintiff's osteoarthritis and obesity are "non-severe" impairments within the meaning of the regulations (Tr. 22). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 23).

At the fourth step, the ALJ found Plaintiff has the following residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but she should avoid all exposure to moving machinery and unprotected heights. In addition, she can understand, remember, and carry out short, simple one to three step instructions. She should avoid interaction with the public. She can have taskfocused interaction with supervisors and coworkers. With these limitations in place, she would be able to respond appropriately to changes in a routine work setting.

(Tr. 23-24). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work (Tr. 27).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 27). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 28). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from October 11, 2012 through the date of the decision (Tr. 28).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 203-04). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6).

## CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health

& Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-6). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. Having considered Plaintiff's claims for relief, the undersigned concludes the ALJ's decision was supported by substantial evidence and comports with applicable law.

Summary of Plaintiff's Arguments

Plaintiff first claims the ALJ erred in finding that she does not meet or medically equal Listings 12.04 and 12.06 (DN 16 at PageID # 529-33). Second, Plaintiff argues the ALJ erred in finding that her back condition does not qualify as a severe impairment (Id. at PageID # 533-34). Plaintiff claims the ALJ ignored that she has been diagnosed with osteoarthritis and has been prescribed narcotics to manage her pain. Plaintiff contends the ALJ should have, at the very least, ordered a consultative physical examination. Third, Plaintiff argues the ALJ erred in the weight assigned to the opinions of Betty Medley and Sylvia Sweatt (Id. at PageID # 534-35). Plaintiff suggests Ms. Medley and Ms. Sweatt are entitled to controlling weight but at the least the ALJ offered insufficient reasons for discounting their opinions as well as the opinion of

consultative examiner Marcy Walpert. Finally, Plaintiff argues the ALJ failed to consider the debilitating effects of her impairments in combination (Tr. 536-37).

Discussion

The first issue is whether the ALJ erred in finding Plaintiff did not meet or medically equal a listed impairment. A claimant bears the burden of demonstrating that she meets or medically equals a Listing. Sullivan v. Zebley, 493 U.S. 521, 531-32 (1990). In order to satisfy the Paragraph B criteria for Listings 12.04 and 12.06, a claimant's impairments must result in two of the following: marked restrictions of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. Part 404, Subpart P, App'x 1, ¶¶ 12.04B; 12.06B.

Here, the ALJ discussed Listings 12.04 and 12.06 but ultimately concluded Plaintiff cannot satisfy the B criteria (Tr. 23). The ALJ relied on the opinion of Elizabeth Kalb, Ph.D., an impartial psychological expert, who found "the claimant is determined to have mild restriction of activities of daily living, moderate difficulties maintaining social functioning, mild difficulties maintaining concentration, persistence, or pace, and no episodes of decompensation of extended duration, as indicated at Exhibits 9F and 16F" (Id. (referring to Tr. 402/12 and Tr. 455-468)). Plaintiff has pointed only to her own testimony and the opinions of her counselor who is not an acceptable medical source. The ALJ, on the other hand, relied on a psychological expert, Dr. Kalb. An ALJ is entitled to rely on impartial psychological experts. SSR 96-6p. The ALJ did precisely this and concluded that Plaintiff does not satisfy the Paragraph B criteria. Finally, Plaintiff argues the ALJ disregarded Ms. Walpert's opinion but does not provide sufficient elaboration to enable the undersigned to determine how Ms. Walpert's opinion would have

enabled her to satisfy the B criteria. Therefore, the ALJ's decision was supported by substantial evidence and comports with applicable law.

The next issue is whether it was error for the ALJ to find Plaintiff's back condition to be a "non-severe" impairment. At the second step in the sequential evaluation process, a claimant must demonstrate she has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show she suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p; Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally effects work ability, regardless of age, education and work experience." Higgs, 880 F.2d at 862.

Here, the ALJ considered Plaintiff's osteoarthritis but concluded there was not evidence in the record to find that the condition created substantial limitations (Tr. 23). Plaintiff has now cited only to the fact that she once received narcotics for back pain as evidence to indicate her condition should be found to be severe. Notably, there is no citation to a treating source opinion that Plaintiff's osteoarthritis creates anything other than minimal limitations. Plaintiff accuses the ALJ of acting as her own medical expert, but the ALJ supported her conclusion with a state reviewing physician's opinion and a medical finding that Plaintiff had normal lower back movement upon examination. Plaintiff simply has not provided evidence to meet her burden at the second step. The ALJ's decision is supported by substantial evidence and comports with applicable law.

Next, Plaintiff offers an argument that the ALJ erred in the weight she assigned to the opinions of Ms. Medley and Ms. Sweatt. It appears Plaintiff is even attempting to argue Ms. Medley and Ms. Sweatt were entitled to controlling weight. For applications such as this filed prior to April 1, 2017, the term "***medical sources***" refers to "acceptable medical sources, *or* other health care providers who are not acceptable medical sources." 20 C.F.R. §§ 404.1502, 416.902 (emphasis added). Only acceptable medical sources can offer medical opinions and therefore be afforded controlling weight. SSR 06-03p. Ms. Sweatt, as the ALJ noted (Tr. 25), is a nurse practitioner. Nurse practitioners are not acceptable medical sources under the guidelines applicable to Plaintiff's case. SSR 06-03p. As a result, her opinion was not entitled to any particular deference or weight. Nonetheless, the ALJ discussed Ms. Sweatt's opinion and offered good reasons for rejecting it. Notably, while the Sixth Circuit has suggested that an ALJ need not provide any reasons at all for discounting a non-acceptable medical source opinion,[1] in this instance the ALJ offered a reason: that the opinion was inconsistent with the medical evidence of record (Tr. 25). The ALJ thus satisfied all requirements when discussing Ms. Sweatt's opinion. This aspect of the ALJ's decision is supported by substantial evidence and comports with applicable law. Plaintiff's claim is therefore denied.

Similarly, Ms. Medley is a counselor (Tr. 25). Counselors are, like nurse practitioners, not acceptable medical sources under the guidelines applicable in this case. SSR 06-03p. Again, the ALJ discussed Ms. Medley's opinion and offered good reasons for affording it little to no weight. Specifically, Ms. Medley holds a bachelor's degree in social work, but she does not appear to possess sufficient credentials to address serious psychological symptoms (Tr. 25). Moreover, Ms. Medley kept no record of her sessions with the Plaintiff. For these reasons, and

---

[1] *See* Martin v. Comm'r of Soc. Sec., 658 F. App'x 255, 259 (6th Cir. 2016); Thacker v. Comm'r of Soc. Sec., 99 F. App'x 661, 664 (6th Cir. 2004).

for all the reasons set forth in the previous paragraph, Ms. Medley's opinion is not entitled to controlling weight and was owed no deference by the ALJ. Therefore, the ALJ's decision is supported by substantial evidence and comports with applicable law.

The final issue is whether the ALJ failed to consider the combined effects of Plaintiff's impairments. The Administrative Law Judge is required to consider the combined effect of a claimant's impairments in determining whether the claimant is disabled. 20 C.F.R. § 404.1523. However, discussing multiple impairments individually does not mean the ALJ failed to consider the combined effect of those impairments where she specifically referred to a "combination of impairments" in finding the claimant does not meet the listings. Loy v. Sec'y of Health & Human Servs., 901 F.2d 1306, 1310 (6th Cir. 1990) (citing Gooch v. Sec'y of Health & Human Servs., 833 F.2d 589, 592 (6th Cir. 1987)). Here, the ALJ discussed Plaintiff's multiple impairments individually but, at the third step, he also specifically referred to a "combination of impairments" in finding Plaintiff does not meet the listings (Tr. 23). Therefore, the undersigned concludes Plaintiff's argument is without merit.

## Conclusion

For the forgoing reasons, the undersigned concludes the ALJ supported her decision with substantial evidence, and Plaintiff's claims are therefore without merit.

## **ORDER**

**IT IS HEREBY ORDERED** that the decision of the commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (DN 1) is **DISMISSED WITH PREJUDICE**.

Copies: Counsel